DECISION
PER CURIAM.
Heard before the full court on January 16, 2010 by Associate Justices Dennis M. Funmaker, Joan Greender-Lee and Chief Justice Mary Jo Hunter. Attorney Mark Goodman appeared for the Appellant. Attorney Alysia La Counte appeared for the Appellee.
FACTS
On June 16, 2008, Appellant Cheryl Brinegar filed a grievance with the Department of Personnel contesting the determination by the management of Rainbow Casino that Ms. Brinegar had voluntarily resigned her position after the expiration of her unpaid leave of absence. A hearing before the Grievance Review Board (herein after GRB) was held on July 30, 2008. Ms Brinegar *386 represented herself at the hearing. Neither of Ms. Brinegar’s supervisors attended the hearing. Mr. Rick McAr-thur appeared on behalf of the Department of Personnel. The GRB dismissed the case without any testimony from the supervisors who were involved in Ms. Brinegar’s denial of her leave without pay and her subsequent interaction with a supervisor as to her return date. Although Ms Brinegar indicated that she had spoken with an immediate supervisor, that person was not present at the GRB hearing. The GRB dismissed the case.
Ms. Brinegar filed her Petition for Administrative Review on August 14, 2007. The matter was heard by the ho-Chunk Nation Trial court on June 5, 2009. The Trial Court affirmed the GRB decision on September 4, 2009. On October 7, 2009, Appellant Brinegar filed an appeal before this Court. After the parties briefed the matter, oral argument was heard on January 10, 2010.
STANDARD OF REVIEW
The standard of review applied by this Court in reviewing a Trial Court order of an administrative review is articulated in Sharon Williams v. HCN Insurance Review Commission, SU 08-01, 2008 WL 9878250 (HCN S.Ct., Oct. 29, 2008). This Court has held that an abuse of discretion standard applies in reviewing questions of fact, (citations omitted)
Under this highly deferential standard, this Court will uphold the Trial court’s findings “absent a showing that the Trial Court somehow failed to make a necessary finding, ignored the great weight of the evidence, or otherwise abused it’s [sic] discretion in making findings of fact.” Hope B. Smith v. Ho-Chunk Nation, SU 03-10 (HCN S.Ct., Dec. 8, 2003). In reviewing questions <>!' law and constitutional interpretation, this Court applies a de novo standard of iv view. Id. at 5.
ISSUE
Under the Employment Relations Act of 2006, 6 HCC sec. 5, may an employer stymie an employee’s termination grievance by fashioning the termination as a voluntary resignation? [1]
DISCUSSION
The Employee Relations Act of 2004, (herein after ERA), 6 HCC 5, sec. 27, Unpaid Leave of Absence, states at subsection b., “Upon expiration of the unpaid leave of absence, the employee shall be reinstated in the position held at the time this leave was granted. An employee who fails to promptly report to work at the expiration of such leave will be considered to have voluntarily resigned.”
In this case, this was the crux of the matter for the GRB to review and consider at the July 30, 2008 hearing. To del ermine whether or not the appellant Brine-gar had “voluntarily resigned” required a factual and legal consideration. The Appellant testified that she had spoken to “her immediate supervisor” who informed her “that she could return on Wednesday. June 11, 2008.” GRB Decision, 060.08T. p. 3, lines 5-7. Yet, the GRB did not require the presence of that supervisor or any other management person from Rainbow Casino to either refute or confirm Appel lant Brinegar’s testimony. Rather, the GRB relied solely on a statement from the HCN Dept, of Personnel employee, Kick McArthur, who was not a party to the *387 conversation that the Appellant testified about before GRB.
The ERA at section 34, Administrative Review Process, subsection g., Proceedings of the Board, at (5) states, “Only witnesses who have had direct involvement in the incident leading to the disciplinary action will be allowed to participate and all questions asked should directly relate to said disciplinary action.” (Emphasis added)
The GRB should have required that the supervisor(s) who had “direct involvement in the incident” appear and testify at the hearing. It would seem obvious that the management should send their witnesses to defend their actions where an employee asserts that the immediate supervisor informed the employee to return on a date that is the crux of the dispute. In the case, no one appeared at the GRB hearing, other than the Appellant, who was directly involved in the incident. Although Rick McArthur appeared at the hearing, the record does not indicate that he was directly involved.
The Trial Court incorrectly adopts the position that the Court is unable to address the matter as the GRB decided that it had to dismiss the matter. That was the incorrect review for the lower court to make in this matter. The lower court should have looked at the GRB process to discern whether or not the GRB acted in accordance with the ERA as to how the decision by the GRB was reached.
■ The ERA states, “... the Court shall review the Board’s decision based upon the record before the Board.” ERA, 6 HCC 5, Sec. 35, e. Based upon the record before the ERA, there was not any evidence provided to refute the testimony of Ms. Brine-gar that she had been given a date to return to work by her immediate supervisor. Neither of the supervisors involved in the incident testified at the GRB hearing. Rather, the GRB chose to simply rely on a directive by the Personnel Specialist rather than making a proper inquiry as required by the ERA. Based on the “rubber stamp” of the Personnel Specialist, the GRB did not perform the statutory charge given to the agency to have witnesses involved in the incident present at the hearing.
The Trial Court meandered off on a trail for a red herring and decided to affirm the decision. In actuality, the Trial Court should have set aside the GRB decision as “arbitrary and capricious” as required by the ERA. Ibid. The issue for the Trial Court was whether or not the GRB Decision was arbitrary and capricious based upon the evidence heard by the agency at the hearing. As stated above, the GRB did not follow the ERA in having the relevant witnesses testify as to the incident involved prior to determining whether or not the GRB had sufficient basis to dismiss the action. The GRB incorrectly relied upon the testimony of an employee of the Personnel Department rather than making an independent fact finding of the incident. The GRB should require relevant witnesses involved in the incident in question to be present at their hearings. For these reasons, the Trial Court decision is reversed and remanded. On remand, the Trial Court shall direct the GRB to hold another hearing to determine whether or not Cheryl Brinegar voluntarily resigned AFTER listening to the testimony of the supervisors involved in the incident as required by the ERA. Based upon a full hearing with relevant witnesses, the GRB can then make a meaningful decision.
REVERSED AND REMANDED with instructions.
EGI HESKEKJET.

. The issue or issues presented in the Appellants)’ Notice of Appeal will be the issue(s) addressed by the Supreme Court Decision. Thus, the above language is not the language of this Court but, rather, the issue presented to the Court on appeal.